UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE EDWARDS,

        Plaintiff,

v.

CASE NO. 2:16-CV-11596
HONORABLE VICTORIA A. ROBERTS

MACOMB CO. JAIL,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

Before the Court are Plaintiff Dwayne Edward's *pro se* Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983, as well as his Motions for Appointment of Counsel and for Alternative Dispute Resolution. Plaintiff, an inmate at the Macomb County Jail in Mt. Clemens, Michigan, has been granted leave to proceed without prepayment of the filing fee for this action. In his pleadings, Plaintiff challenges the adequacy of the jail law library and his access to legal materials, as well as the handling of his legal mail and his access to postage as an indigent prisoner. Plaintiff names the Macomb County Jail as the defendant in this action and seeks injunctive relief and monetary damages. Having reviewed the matter, the Court dismisses the Prisoner Civil Rights Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and denies the Motions for Appointment of Counsel and Alternative Dispute Resolution as moot.

II.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

III.

Plaintiff identifies the Macomb County Jail as the sole defendant in this action. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled under Michigan law that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under 42 U.S.C. § 1983. *See Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, \*6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *Gross v. Evans*, No. 06-CV-13065, 2006 WL 2419195, \*2 (E.D. Mich. Aug. 22, 2006); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007) (county sheriff's office was not a legal entity under Ohio law and was not subject to suit under § 1983); *Castillo v. Cook Co. Mail Room Dep't.*, 990

F.2d 304, 307 (7th Cir. 1993) (per curiam). Plaintiff thus fails to state a claim upon which relief may be granted in this case and his Prisoner Civil Rights Complaint against the Macomb County Jail must be dismissed. Additionally, given this determination, his Motions for Appointment of Counsel and for Alternative Dispute Resolution must be denied as moot.

IV.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings. Accordingly, the Court **DISMISSES** his Prisoner Civil Rights Complaint against the Macomb County Jail. This dismissal is without prejudice to the filing of a new complaint naming proper defendants. The Court also **DENIES** his Motions for Appointment of Counsel and for Alternative Dispute Resolution. Lastly, the Court concludes that an appeal from this decision would be frivolous and cannot be taken in good faith. 28 U.S.C. § 1915(a)(3). This case is closed.

**IT IS SO ORDERED.**


S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2016